IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MABIE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-1969 |
| | : | |
| v. | : | |
| | : | |
| HARRISBURG AREA COMMUNITY COLLEGE, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                      August 28, 2017

The *pro se* plaintiff, Kenneth Mabie ("Mabie"), commenced this civil rights action under 42 U.S.C. § 1983 on April 25, 2016, by filing an application to proceed *in forma pauperis* and a proposed complaint asserting claims against the defendants, Harrisburg Area Community College ("HACC"), Jacqueline Bareuther ("Bareuther"), William Rivera ("Rivera"), Jennifer Price ("Price"), Edwin Dominguez ("Dominguez"), John J. "Ski" Sygielski ("Sygielski"), and Bryan Brady ("Brady"). Doc. No. 1. On April 28, 2016, the court granted the application and requested that the clerk of court file the complaint and issue summonses. Doc. No. 2. On November 25, 2016, Mabie filed an amended complaint with leave of court. Doc. No. 20. Because that amended complaint did not identify all of the named defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure, the court dismissed the amended complaint without prejudice and gave Mabie twenty-one days to file a second amended complaint. Doc. No. 25. On February 17, 2017, Mabie filed a second amended complaint. Doc. No. 26.

In the second amended complaint, Mabie alleges that on March 7, 2014, he went to the HACC Lancaster Campus Security Office and filed a sexual harassment complaint with Rivera, a

security officer, against another student for harassing him at a student government event. Second Am. Compl. at ECF p. 2, Doc. No. 26.[1] On March 17, 2014, Mabie and another student went back to the security office to file a complaint that the school was not doing enough about the sexual harassment complaint. *Id.* While in the security office, Rivera was "flippant and dismissive" of Mabie, told Mabie that nothing was going to happen with his complaint, and attempted to "bait" Mabie into a confrontation. *Id.* Mabie then asked Rivera why he was not doing his job, which caused Rivera to scream and tell Mabie to "get the f*** out of the security office." *Id.* Mabie refused to leave the office because Rivera did not answer his question. *Id.* Rivera then placed his hand on his firearm and again told Mabie to leave. *Id.* Mabie, "fearing for his safety," put his hands in the air "in the 'don't shoot' pose," said he was leaving, and backed out of the office. *Id.* On his way out, Rivera slammed the door, which almost hit Mabie. *Id.* Outside of the security office, Mabie informed his companion that he was going to contact Rivera's supervisor, Dominguez. *Id*. Rivera apparently heard this comment, causing him to violently swing the door open and screamed at Mabie to "go ahead and F[***]ing call Ed!" *Id.* at ECF pp. 2-3. Mabie then proceeded to a pay phone and called Dominguez, leaving a message about Rivera's behavior. *Id.* at ECF p. 3.

On March 18, 2014, Mabie met Dominguez, who told him that he needed to leave school grounds and that he would have a meeting with Bareuther, the dean of student affairs, to explain his side of the incident. *Id.* The meeting occurred on April 1, 2016. *Id.* Neither Bareuther nor Dominguez considered Mabie's side of the story; instead, they "were dismissive and authoritarian toward [him]." *Id.* On April 8, 2016, Mabie was informed that he was suspended for one year after committing violations for disorderly conduct, disruptive behavior, and failure

---

[1] Mabie did not title the document as a "Second Amended Complaint" and instead titled the document "Amended Complaint." Doc. No. 26. Since this document was Mabie's second amended complaint, the court refers to it as such.

to obey an order.  *Id.*  Mabie appealed the decision, and a hearing was held on April 29, 2014. *Id.*  During the hearing, the pertinent HACC employees submitted written statements, and Mabie argued as to why he did not violate any HACC policies or rules.  *Id.*  After deliberation, Mabie received a call from a campus dean, informing him that he was found not to have committed disorderly conduct or disruptive behavior (or harassment), but that he had been found to have failed to obey an order.  *Id.*; *see also id.* at ECF p. 11.

Mabie contests HACC's decision because he believes that he did not receive a lawful order to obey from Rivera.  *Id.* at ECF p. 3.  He contends he was merely exercising his constitutional rights on public property, and that the defendants willfully violated his rights by "illegally suspending him, forcibly withdrawing him from his classes causing him to drop below the accepted level to receive FASFA (Financial Aid) and then charged him $1611."  *Id.*  Mabie spoke with Sygielski and Price, both of whom had the authority to reverse his suspension, on October 5, 2014, and September 23, 2015.  *Id.* at ECF p. 5.  Neither Sygielski nor Price reversed his suspension.  *Id.* at ECF pp. 5, 6.

Mabie also alleges that while this was happening, "Dwayne, Steph, (last names unknown) and Anna Fagan" ("Fagan") were targeting him and other students for their religious beliefs.  *Id.* at ECF p. 4.  Fagan filed a complaint for harassment, bullying, and hate speech with Brady, a security officer, on March 17, 2014.  Mabie alleges that Brady did not tell Fagan that "Mr. Mabie has the right to hold any religious beliefs or views," and thus that Brady was biased against Mabie for his religious beliefs.  *Id.*

Based on the aforementioned allegations, it appears that Mabie raises claims under 42 U.S.C. § 1983 for violations of his constitutional rights to free speech, equal protection, and religious freedom.  The defendants filed a motion to dismiss the second amended complaint on

3

February 27, 2017, and Mabie filed a response in opposition on March 17, 2017. Doc. Nos. 27, 28. The defendants contend, *inter alia*, that Mabie's § 1983 claims are time-barred because he filed the complaint in this matter more than two years after his alleged injuries. Defs.' Mem. in Supp. of Mot. to Dismiss at 4, Doc. No. 27-2. Mabie contends that his claims are not time-barred because he was found not in violation of disorderly conduct, disruptive behavior, or harassment, and in violation of failing to obey an order, on April 29, 2014, which is within the limitations period. Pl.'s Resp. to Defense's Mot. to Dismiss at 2, Doc. No. 28.

The court may dismiss a complaint for failure to state a claim on statute of limitations grounds when the statute of limitations defense is apparent on the face of the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The statute of limitations for § 1983 actions "is governed by the personal injury tort law of the state where the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The applicable statute of limitations for personal injury actions in Pennsylvania is two years.[2] *Knoll v. Springfield Twp. Sch. Dist.*, 763 F.2d 584, 585 (3d Cir. 1985). While state law dictates the length of the limitations period in § 1983 actions, federal law governs a cause of action's accrual date. *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). Under federal law, a "[section] 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391.

In the second amended complaint, Mabie alleges that he suffered two injuries—an unlawful suspension pursuant to HACC's finding that he was in violation of failing to obey an order, and unlawful religious discrimination. It is apparent from the face of the second amended

---

[2] The two-year statute of limitations also applies to Title IX claims, to the extent that Mabie seeks to assert such a claim. *Bougher v. University of Pittsburgh*, 882 F.2d 74, 77-78 (3d Cir. 1989).

4

complaint that HACC suspended Mabie and found him in violation of disorderly conduct, disruptive behavior, failure to obey an order, and harassment on April 8, 2014. Second Am. Compl. at ECF p. 3. As to the religious discrimination described in the second amended complaint, it is clear that the alleged discrimination occurred when Fagan complained to Brady on March 17, 2014, and Brady did not tell her that Mabie had the right to hold any religious beliefs he chose. Mabie initiated this lawsuit on April 25, 2016. Thus, this case was not filed within two years of either of his alleged injuries, and the precise issue before the court is whether the pendency of his internal appeal of the suspension delayed the accrual of his claims or tolled the limitations period.[3]

Where exhaustion of internal or administrative remedies is mandatory prior to filing suit in federal court, the statute of limitations applicable to § 1983 is tolled while the litigant pursues such mandated remedies. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015) (holding that the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997e(a), tolls Pennsylvania's statute of limitations). Further, some statutes explicitly provide that the limitations period is tolled during the pendency of administrative proceedings. *E.g.*, 42 U.S.C. § 3613(a)(1)(B) (providing for tolling of Fair Housing Act claims during administrative proceedings). Claims for the deprivation of a constitutional right brought pursuant to § 1983, however, do not require the exhaustion of administrative or internal remedies—the federal remedy is supplementary unless Congress mandates exhaustion.[4] *See, e.g., Patsy v. Board of*

---

[3] It is unclear whether Mabie's meeting with the disciplinary hearing board on April 29, 2014, constituted a formal internal appeal to HACC. It is clear, however, that the purpose of the meeting was to review two decisions that HACC administrators had already made. The second amended complaint clearly and specifically says: "On April 8, Mr. Mabie was informed that he was suspended for a year and was in violation of Disorderly Conduct, Disruptive Behavior and Failure to Obey and Order and Harassment." Second Am. Compl. at ECF p. 3. The second amended complaint also clearly states that "Mr. Mabie appealed this decision, and a hearing was held on April 29th 2014." *Id.*

[4] Nor do claims brought under Title IX require exhaustion prior to filing suit in federal court. *Cannon v. University of Chi.*, 441 U.S. 677, 707-08 n.41 (1978).

*Regents of State of Fla.*, 457 U.S. 496, 516 (1982); *Monroe v. Pape*, 365 U.S. 167, 183 (1961). Nor does § 1983 contain any language indicating that the limitations period shall be tolled while the litigant pursues alternative remedies. Thus, Mabie's claims accrued on March 17, 2014, and April 8, 2014, and his internal appeal and various complaints to HACC administrators did not delay the accrual of his claims or toll the limitations period. *See Moore v. Temple Univ.*, 674 F. App'x 239, 241 (3d Cir. 2017) (holding that student's grievance to an appeals panel regarding the non-renewal of her scholarship did not delay the accrual of her § 1983 or Title IX claims or toll the limitations period); *Burkhart v. Widener Univ., Inc.*, 70 F. App'x 52, 54 (3d Cir. 2003) (holding that because Title III does not require exhaustion, the fact that the plaintiff pursued an administrative claim did not toll the statute of limitations); *see also Delaware State Coll. v. Ricks*, 449 U.S. 250, 261 (1980) (holding that, in the case of a professor denied tenure, the discrimination occurred and the limitations period commenced at the time the college decided to deny tenure, rather than at the time the college board's education policies committee denied the professor's internal grievance).

For the foregoing reasons, the court will grant the defendants' motion to dismiss. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). Further, because it is clearly apparent from the face of the second amended complaint that Mabie's claims are untimely, the court will dismiss his claims with prejudice.

A separate order follows.

                                                      BY THE COURT:

                                                      /s/ *Edward G. Smith*
                                                      EDWARD G. SMITH, J.